STATE OF LOUISIANA

VERSUS

MARVIN S. ACEVEDO

NO. 18-KA-683

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON REMAND FROM THE LOUISIANA SUPREME COURT
AN APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-3961, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

June 30, 2020

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**CONVICTION AND SENTENCE VACATED; REMANDED**
    **JGG**
    **SMC**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
      Honorable Paul D. Connick, Jr.
      Terry M. Boudreaux
      Thomas J. Butler
      Rachel L. Africk
      Jennifer C. Voss

COUNSEL FOR DEFENDANT/APPELLANT,
MARVIN S. ACEVEDO
      Cynthia K. Meyer

**GRAVOIS, J.**

## ON REMAND FROM THE LOUISIANA SUPREME COURT

This case was remanded to this Court by the Louisiana Supreme Court for further proceedings. *See State v. Acevedo*, 19-824 (La. 6/3/20), --- So.3d ----, 2020 WL 3423975 (Mem.) (*per curiam*). In its order of remand, the Supreme Court instructed this Court to conduct a new errors patent review in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. ----, 140 S.Ct. 1390, --- L.Ed.2d ---- (2020), 2020 WL 1906545 (U.S. Apr. 20, 2020).[1] Previously, this Court affirmed defendant's conviction, by a non-unanimous 12-person jury, for possession of over 400 grams of cocaine in violation of La. R.S. 40:967(F). *See State v. Acevedo*, 18-683 (La. App. 5 Cir. 5/8/19), 273 So.3d 462. For the following reasons, after further proceedings in accordance with said order of remand, we find that defendant is entitled to a new trial, and accordingly, we vacate defendant's conviction and sentence and remand the matter to the trial court for further proceedings consistent with this opinion.

## ANALYSIS

As noted in this Court's previous opinion, defendant was charged with possession of over 400 grams of cocaine in violation of La. R.S. 40:967(F), which provided that a conviction thereunder was punishable by imprisonment at hard labor for not less than fifteen years, nor more than thirty years, and payment of a fine of not less than two hundred fifty thousand dollars, nor more than six hundred thousand dollars.[2] Since the punishment for this offense is necessarily confinement

---

[1] The order of remand further instructed: "If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2)."

[2] La. R.S. 40:967(F) was repealed in its entirety by Acts 2017, No. 281.

at hard labor, defendant had to be tried before a 12-person jury. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782.[3]

Non-unanimous jury verdicts were previously allowed under both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782, and the circumstances of the instant case. In defendant's appeal before this Court, he argued the unconstitutionality of La. C.Cr.P. art. 782(A).[4] This Court found, at that time, no merit to that assignment of error, finding that:

> [T]he constitutionality of non-unanimous jury verdicts was upheld in both *State v. Bertrand*, 08-2215 and 08-2311 (La. 3/17/09), 6 So.3d 738, and *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). As an intermediate court, we are bound by that precedent.

*State v. Acevedo*, 273 So.3d at 487.

However, in *Ramos*, the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the States by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense. The Court concluded:

> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. This Court has long explained that the Sixth Amendment right to a jury trial is "fundamental to the American scheme of justice" and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government. So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court. (Footnotes omitted.)

*Ramos*, *supra*, 140 S.Ct. at 1397.

---

[3] Both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782(A) currently provide, in pertinent part, that a case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict, and that a case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

[4] This Court's previous opinion noted that the jury verdict was 11 to 1 in favor of conviction. *See State v. Acevedo*, 273 So.3d at 486.

For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less, and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. *See generally Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013 WL 486691 (E.D. La. 2013).

Although we have conducted an errors patent review on remand as instructed, in his first appeal, as noted above, the unconstitutionality of La. C.Cr.P. art. 782 was previously raised by defendant as an assignment of error.[5] Based on *Ramos* and the fact that the instant case is still on direct appeal,[6] we find that since the verdict resulting from defendant's jury trial was not unanimous for this "serious offense," defendant is entitled to a new trial. Accordingly, in light of the United States Supreme Court's decision in *Ramos* and the circumstances of this case, we vacate defendant's conviction and sentence and remand the matter to the trial court for further proceedings consistent with this opinion.

## CONCLUSION

For the foregoing reasons, defendant's conviction and sentence are vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**CONVICTION AND SENTENCE VACATED; REMANDED**

---

[5] Likewise, in his appeal, defendant also raised as error sufficiency of the evidence to convict, which we previously rejected as having no merit. *See State v. Acevedo*, 273 So.3d at 476. Accordingly, another review of sufficiency of the evidence by this Court on remand is unnecessary.

[6] *See Schriro v. Summerlin,* 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004), observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review," citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 30, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 18-KA-683

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)     THOMAS J. BUTLER (APPELLEE)     CYNTHIA K. MEYER (APPELLANT)

**MAILED**
HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
RACHEL L. AFRICK (APPELLEE)
JENNIFER C. VOSS (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053